No. 723 July 29, 2026 867

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYLAND BRUCE SWEET,
*Defendant-Appellant.*

Lane County Circuit Court
23CR41884; A184803

Kamala H. Shugar, Judge.

Submitted June 16, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for interfering with a peace officer, ORS 162.247, and criminal trespass in the second degree, ORS 164.245. On appeal, defendant raises two assignments of error regarding defendant's self-representation at trial, a third assignment of error regarding the denial of defendant's motion to continue his trial, and a fourth assignment of error regarding the sufficiency of evidence presented on the trespass conviction. We reverse and remand.

*First Assignment of Error.* First, defendant argues that the trial court erred when it granted defendant's motion to represent himself. Defendant contends that he did not sufficiently understand the scope of his right to counsel to knowingly relinquish it.

"If a trial court grants a motion to withdraw counsel and does not appoint substitute counsel, thus requiring the criminal defendant to proceed *pro se*, we review for error of law whether the defendant has knowingly and intentionally waived his or her right to counsel." *State v. Covernali*, 341 Or App 476, 481, 574 P3d 496 (2025). Whether there has been an intentional relinquishment of a known right "will depend on the particular circumstances of each case." *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992). "[T]he trial court should focus on what *the defendant* knows and understands." *Id.* (emphasis in original).

We agree that defendant did not knowingly relinquish his right to counsel. At the hearing on the motion to withdraw, defendant began the discussion insisting that he did not intend to represent himself. The trial court correctly provided defendant with some information about the dangers of self-representation and attempted to ensure that defendant understood those dangers. However, the rest of the colloquy between defendant and the trial court indicated that defendant did not understand the right he was giving up. *See id.* at 133 n 9 ("[C]ourts should strive to demonstrate on the record that a defendant understands the implications of the waiver [of the right to counsel].").

Defendant seemed, and later claimed, to be under the mistaken impression that he could not be given counsel to replace the previously appointed counsel. Defendant's affirmative statements regarding representing himself occurred only after coming to believe that that was the only alternative to proceeding with his current attorney, and the court did not dispel defendant of those misconceptions. Under those circumstances, the trial court was required to further inquire if defendant fully understood the difference between waiving his right to counsel, as opposed to merely asking for a different attorney. *See State v. Stanton*, 369 Or 707, 722-23, 511 P3d 1 (2022) (reversing and remanding when it was unclear from the record whether defendant merely wanted his attorney to withdraw or wanted to proceed *pro se*). From this record, we cannot presume that defendant had knowingly waived his right to counsel. *See State v. Langley*, 351 Or 652, 670, 273 P3d 901 (2012) (courts are "reluctant" to find that a defendant has waived their fundamental constitutional rights, and a waiver of the right to counsel is not presumed from a silent record). Because the trial court erred in granting defendant's motion to represent himself, we reverse and remand for a new trial.[1]

*Fourth Assignment of Error.* Defendant next argues that the court erred in entering a judgment convicting defendant of second-degree trespass because the state did not present sufficient evidence.[2] We conclude that the court did not err in entering the conviction of second-degree trespass because "a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994).

The element of second-degree trespass at issue is whether defendant entered or remained unlawfully on the premises. ORS 164.245. Defendant argues on appeal that

---

[1] Our disposition obviates the need to address defendant's second and third assignments of error, which relate to defendant's motion to reappoint counsel and request for a continuance.

[2] We address defendant's fourth assignment of error regarding sufficiency of the evidence—despite reversing and remanding on defendant's first assignment of error—because, were defendant to prevail on the fourth assignment, it would result in an acquittal.

the state did not present sufficient evidence that defendant unlawfully entered or remained in the park because state parks are "customarily open to the public and a reasonable person would not believe that permission is required to enter or remain in a state park." Assuming, without deciding, that this argument is preserved, we agree with the state that it fails on the merits.

The state presented evidence that signs indicated areas requiring fees throughout the park. Defendant was arrested in a campground parking lot and the evidence indicated that he drove past a ranger station instructing all vehicles to stop and pay for use of the campground. That evidence was sufficient for a rational factfinder to infer that a reasonable person would believe permission was required to remain in the area where defendant was arrested. *See State v. Moore*, 264 Or App 86, 91, 331 P3d 1027 (2014) (when determining if a reasonable person would believe that permission is required to enter or remain on property, the court considers "the physical nature, function, custom, or usage of property—or notice or lack of notice connected to the property").

Alternatively, defendant argues the state failed to show that he did not have permission to be in the park. Defendant points to evidence that defendant's wife had a pay slip in her hand during the encounter, which could give rise to the inference that she intended to pay and gain permission to be in the park. The evidence in the record, however, also allowed for the inference from defendant's previous activities in the park and from statements that he made that he did not intend to pay the fee. Defendant does not argue that the state's inference was unreasonable. The choice between two different reasonable inferences was for the factfinder. *State v. Hedgpeth*, 365 Or 724, 732, 452 P3d 948 (2019). In this case, a factfinder could reasonably find that the state's evidence amounted to the elements of the crime beyond a reasonable doubt. Therefore, the court did not err in entering a conviction for second-degree trespass.

Because the court erred in granting defendant's motion to represent himself, we reverse and remand both counts.

Reversed and remanded.